**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**Mira Chernick**
Assistant U.S. Attorney
mira.chernick@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

March 20, 2023

Alison Clark
Assistant Federal Public Defender
101 SW Main St, Ste 1700
Portland, OR 97206

      Re:    *United States v. Raphael Whitfield*, Case No. 3:22-cr-185-HZ
            Plea Agreement Letter

Dear Counsel:

      This letter will set forth the government's plea offer in this case.

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to plead guilty to Count One of the Indictment, which charges the defendant with Distribution of Child Pornography in violation of Title 18, United States Code, Section 2252A(a)(2).

3.    **Penalties**: Count One carries a maximum penalty of 20 years imprisonment, a mandatory minimum sentence of 5 years imprisonment, a fine of $250,000, a term of supervised release of five years to life, and a $100 fee assessment. Under 18 U.S.C. § 3014(a), the offense carries an additional $5,000 fee assessment for non-indigent persons. Defendant may also be required to pay restitution to any victim of the offense to which he is pleading guilty. Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea or explain to the Court why he cannot do so. Defendant further stipulates to the forfeiture of the assets as set forth below. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4.    **Sex Offender Registration**: Defendant understands that under the federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in any state in which he resides, is employed, or is a student. Defendant understands that

Alison Clark
Re: Whitfield Plea Agreement Letter
Page 2
March 20, 2023

he must update his registration no later than three business days following any change of name, residence, employment, or student status. Defendant further understands that failure to comply with these obligations may subject him to prosecution under federal and/or state law for failing to register as a sex offender.

5.  **Dismissal/No Additional Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

6.  **Elements and Factual Basis**: In order for defendant to be found guilty of Count One of the Indictment, the government must prove the following elements beyond a reasonable doubt:

First, on or about the date alleged in Count One, in the District of Oregon, defendant knowingly distributed material that contains child pornography, as defined in 18 U.S.C. § 2256(8);

Second, defendant knew the material he distributed contained child pornography; and

Third, defendant used any means or facility of interstate or foreign commerce to distribute the child pornography, or the child pornography had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. Defendant agrees that the government can prove each of the following facts beyond a reasonable doubt at trial:

On or about September 29, 2020, defendant knowingly used a Discord account with username "Snowman2191" to send four images of child pornography, as defined in 18 U.S.C. § 2256(8), to other Discord users. Specifically, the images depicted prepubescent girls engaged in sexually explicit conduct, including anal penetration. In a chat with another user who asked him "what ages u got," defendant responded, "4ish to 13 so far."

Defendant was arrested on February 2, 2021, on state charges of child sexual abuse. He was released from custody after his arrest. On October 14, 2021, law enforcement officers seized defendant's cell phone pursuant to a state search warrant. The phone was subsequently searched and found to contain over 1,000 images of child pornography, including images of toddler-aged girls being anally penetrated by adult males. Many of the files of child pornography had been saved to defendant's phone after February 2021, while defendant was on pretrial release on state child sexual abuse charges.

Alison Clark
Re: Whitfield Plea Agreement Letter
Page 3
March 20, 2023

7. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8. **Guideline Application**: The parties agree that defendant's relevant conduct, as defined in U.S.S.G. § 1B1.3, includes all the unlawful conduct alleged in each count of the indictment. The parties agree that the following guideline calculations presently apply:

   a. Pursuant to USSG §2G2.2, the base offense level is 22;

   b. Pursuant to USSG §2G2.2(b)(2), defendant's offense level is increased by 2 levels because the material involved a prepubescent minor;

   c. Pursuant to USSG §2G2.2(b)(3)(F), defendant's offense level is increased by 2 levels because defendant knowingly engaged in distribution;

   d. Pursuant to USSG §2G2.2(b)(4), defendant's offense level is increased by 4 levels because the offense involved material that portrays sadistic conduct and sexual abuse of a toddler;

   e. Pursuant to USSG §2G2.2(b)(5), defendant's offense level is increased by 5 levels because defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor;

   f. Pursuant to USSG §2G2.2(b)(6), defendant's offense level is increased by 2 levels because the offense involved the use of a computer;

   g. Pursuant to USSG §2G2.2(b)(7)(D), defendant's offense level is increased by 5 levels because the offense involved 600 or more images.

   h. The parties agree that following an adjustment for acceptance of responsibility, defendant's total offense level is 39; and

   i. The parties estimate, but do not stipulate, that defendant's criminal history places him in Criminal History Category I. Defendant understands that this is an estimate only.

9. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any

Alison Clark
Re: Whitfield Plea Agreement Letter
Page 4
March 20, 2023

criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

10. **Sentencing Recommendation**: The USAO may recommend a sentence up to the statutory maximum of 240 months. Defendant may recommend a sentence of 190 months or longer. The parties agree to jointly recommend that the sentence be imposed to run concurrently with the 150-month sentence imposed in defendant's Clackamas County case, and that the sentence be served in federal custody. The parties may each seek any term of supervised release within the statutory range under 18 U.S.C. § 3583(k).

11. **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence above that range, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in this agreement.

12. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). If defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16. **Restitution**: The Court shall order restitution to each victim depicted in the images defendant distributed or possessed in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution for all losses proximately caused by his conduct.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due and payable. Defendant further understands and agrees that pursuant to Title 18, United States Code, Section 3614, he may be resentenced to any sentence that could have originally been imposed if the Court determines that he knowingly and willfully refused to pay restitution as ordered or failed to make sufficient bona fide efforts to pay restitution. Additionally, defendant understands and agrees that the government may enforce collection of restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the Court. Defendant understands that any monetary debt he owes in connection with this matter may be included in the Treasury Offset Program (TOP) to potentially offset his federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to Title 18, United States Code, Section 3612(b)(F), defendant understands and agrees that until a restitution order is paid in full, he must notify the United States Attorney's Office of any change in his mailing address or residence address within 30 days of the change. Further, pursuant to Title 18, United States Code, Section 3664(k), defendant must immediately notify the court and the U.S. Attorney's Office of any material change in his economic circumstances that might affect his ability to pay restitution, including but not limited to new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

17. **Forfeiture Terms**:

   A. **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 2253, including a Samsung Galaxy A12 cellular telephone and a Samsung Galaxy S8+ cellular telephone, which defendant admits were used to facilitate defendant's criminal activity in violation of 18 U.S.C. §2252A as set forth in Count 1 of the Indictment.

Alison Clark
Re: Whitfield Plea Agreement Letter
Page 6
March 20, 2023

      B.    **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

      C.    **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

      D.    **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

      E.    **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

      F.    **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

18.    **Use of Plea-Related Statements**: Except under circumstances where the Court, acting on its own, fails to accept this agreement, defendant agrees that, upon defendant's signing of this agreement, the facts that defendant has admitted under this plea agreement as set forth above, as well as any facts to which defendant admits in open court at defendant's plea hearing, shall be admissible against defendant under Fed. R. Evid. 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and defendant expressly waives defendant's rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 with regard to the facts defendant admits in conjunction with this plea agreement.

Alison Clark
Re: Whitfield Plea Agreement Letter
Page 7
March 20, 2023

19.     **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

NATALIE K. WIGHT
United States Attorney

*/s/ Mira Chernick*
MIRA CHERNICK
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I am satisfied with the advice and assistance my attorney has provided to me. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

3-21-23
Date

RAPHAEL WHITFIELD
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

3/21/23
Date

ALISON CLARK
Attorney for Defendant